**Opinion filed July 30, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00266-CR
_____

**JUSTIN DALE HUNT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. 18472**

## M E M O R A N D U M   O P I N I O N

Appellant, Justin Dale Hunt, was charged with evading arrest, a state jail-felony enhanced by two prior felony convictions. *See* TEX. PENAL CODE ANN. § 12.425(b) (West 2019), § 38.04(b)(1) (West Supp. 2025). Appellant entered an open plea of "guilty" and pled "true" to the enhancement paragraphs. After the completion of a pre-sentence investigation (PSI) and a hearing on punishment, the

trial court assessed Appellant's punishment at fifteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of his right to object to counsel's motion to withdraw, to review the record and file a pro se response to counsel's *Anders* brief, and to file a petition for discretionary review. *See* TEX. R. APP. P. 6.5, 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d at 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record and likewise conclude that the appeal is without merit. *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We observe that prior to entering an open plea, Appellant received written and oral admonishments pursuant to Article 26.13. TEX. CODE CRIM. PROC. ANN. art. 26.13 (West Supp. 2025). Accordingly, we agree with counsel that no meritorious arguable grounds for appeal exist.[1] *See Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009).

---

[1]We note that Appellant has the right to file a petition for discretionary review in the Texas Court of Criminal Appeals pursuant to Rule 68 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.

We grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

W. BRUCE WILLIAMS

JUSTICE

July 30, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.